

FILED

MAY 08 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| James Jenkins<br><br>*Plaintiff,*<br><br>v.<br><br>SANGER POLICE DEPARTMENT;<br><br>FRESNO POLICE DEPARTMENT; JOHN ZANONI, FRESNO COUNTY SHERIFF;<br><br>OFFICER DANIEL RUBY #M177;<br><br>OFFICER DANIEL SALDANA #P1881; and<br><br>DOES 1-10,<br><br>*Defendants.* | Case No.: 1:25-cv-00544 KES-BAM<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.   Plaintiff is a sixty-five-year-old African-American male and long-time resident of Fresno County who, since the May 2020 murder of George Floyd and other high-profile instances of police violence against Black men and women, has engaged in protected First Amendment political speech and assembly. Specifically, Plaintiff has peacefully demonstrated—on multiple occasions—outside the Sanger Police Department, Fresno Police Department, Fresno County Sheriff's Office, and Federal Bureau of Investigation Building to raise public awareness of systemic racial profiling and law enforcement brutality. As a direct consequence of these constitutionally protected activities, Plaintiff alleges he has been subjected to a continuing pattern of retaliatory and discriminatory conduct by Defendants—acting under color of law—

1

including pretextual traffic stops, warrantless searches, excessive force, and other forms of harassment. These actions persist to the present day and, in Plaintiff's view, are intended to chill his exercise of free speech and to punish him for his activism in violation of the First and Fourth Amendments.

2. Plaintiff, brings this action against the Sanger Police Department; Fresno Police Department; John Zanoni, Fresno County Sheriff; Officer Daniel Ruby #M177; Officer Daniel Saldana #P1881; and unnamed officers (Does 1-10) for violations of his civil rights under federal and state law. These violations stem from a pattern of harassment, racial profiling, unlawful arrest, excessive force, and emotional distress inflicted upon Plaintiff due to his activism against police brutality and racial injustice.

3. This complaint addresses incidents occurring on January 23, 2023, March 31, 2024, and August 1, 2024, within the applicable statutes of limitations, causing Plaintiff physical injury, mental anguish, and emotional distress. The charges from the August 1, 2024 incident were dismissed on April 15, 2025, due to the officer's failure to appear in court.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) for claims arising under 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

5. Venue is proper in the Eastern District of California, Fresno Division, as the events occurred in Sanger, Fresno County, California.

## PARTIES

6. Plaintiff is a resident of Fresno County, California.

7. Defendant Sanger Police Department is a municipal entity responsible for the actions of its officers, located in Sanger, California.

8. Defendant Fresno Police Department is a municipal entity responsible for the actions of its officers, located in Fresno, California.

9. Defendant John Zanoni, is the Sheriff for Fresno County, California.

10. Defendant Officer Daniel Ruby #M177 is a police officer employed by the Sanger Police Department, acting under color of law during the incidents.

11. Defendant Officer Daniel Saldana #P1881 is a police officer employed by the Fresno Police Department, acting under color of law during the incidents.

12. Defendants Does 1-10 are officers or employees of the Sanger Police Department, Fresno Police Department, and Fresno County Sheriff's Office, whose identities are unknown, involved in the acts described herein.

## FACTUAL ALLEGATIONS

13. Plaintiff has engaged in protected First Amendment activity by protesting police brutality and racial profiling in front of the Sanger Police Department, Fresno Police Department, Fresno County Sheriff's Office, and the Federal Building since 2020.

### October 2022 Incident

14. While driving past the Sanger Police Department, Plaintiff was followed and tailgated by Officer Daniel Ruby #M177. When confronted, Ruby called Plaintiff a racial slur ("Nigga") and denied following him, claiming his supervisor was on the phone. Plaintiff reported this to a sergeant, who dismissed the complaint, stating he was on the phone and heard a different version.

**January 23, 2023 Incident**

15. After visiting the Sanger Police Department to obtain a complaint form against Officer Ruby, Plaintiff parked nearby to fix his radio. Ruby approached Plaintiff's already-parked vehicle, falsely claiming he pulled Plaintiff over for tinted tail lights and windows, and demanded his license. Plaintiff refused, asserting he was parked and had committed no crime.

16. Ruby returned multiple times, threatening arrest. A second officer arrived, and Ruby handcuffed Plaintiff after he stepped out of the car. The second officer searched Plaintiff's vehicle without consent, finding a safety baton. Plaintiff's request to have someone pick up his car was denied, and it was towed.

17. During transport, Plaintiff, handcuffed and in pain, fell out of the police vehicle, hitting his head and shoulder, injuries that persist today. He was charged with violating California Penal Code §§ 22210 (possession of a baton) and 148(a)(1) (resisting arrest), which were dismissed on December 18, 2024.

**March 31, 2024 Incident**

18. While driving home, Plaintiff was followed by an unnamed Sanger Police officer who made a U-turn to pursue him. The officer stopped Plaintiff, claiming he lacked a front license plate, and demanded his license. After complying, Plaintiff was released but denied the officer's name and badge number despite requesting it twice.

**August 1, 2024 Incident**

19. Traffic Violation No. 2372430 – California Vehicle Code §§ 26708(a)(1) & 5200(a) – August 1, 2024

20. On August 1, 2024, at approximately 7:40 p.m., Plaintiff was operating his vehicle westbound on State Route 180 in Fresno County when he observed a law-enforcement

helicopter repeatedly circling above and tracking his movements. Plaintiff then exited at the McKinley Avenue off-ramp, patronized a smoke shop, and resumed travel westbound on McKinley Avenue. After crossing First Avenue in the left lane, Plaintiff safely merged into the right lane. Without warning, a marked Fresno Police Department patrol unit accelerated past surrounding traffic and activated its emergency lights to initiate a traffic stop.

21. Officer Daniel Saldana (#P1881), accompanied by a second uniformed officer, approached Plaintiff's vehicle on the driver's side. Despite the absence of any articulable suspicion beyond a minor window-tint infraction and a missing front license plate, Officer Saldana forcefully struck the driver's window with his closed fist and demanded Plaintiff's driver's license and registration. As Plaintiff reached to unlock the door, Officer Saldana gripped Plaintiff's left arm, twisted it behind his back, shoved him against the patrol car, and applied handcuffs. At the time, Plaintiff was recording the encounter on his cellphone; without consent, Officer Saldana snatched the device from Plaintiff's right hand, manipulated the controls to terminate and delete the recording, and placed the phone atop the Plaintiff's vehicle.

22. Concurrently, the second officer and two arriving backup officers conducted an unwarranted search of Plaintiff's vehicle, removing personal effects and placing them on the sunroof while engaging in jocular banter. At no point did any Defendant obtain Plaintiff's consent, seek a warrant, or articulate a lawful justification for the vehicle search.

23. Plaintiff was subsequently cited under California Vehicle Code § 26708(a)(1) (tinted windows) and § 5200(a) (failure to display front license plate), designated Traffic Violation No. 2372430. Officer Saldana failed to return Plaintiff's driver's license at the scene. Plaintiff was compelled to contact the Fresno Police Department, after which a supervising sergeant

5

retrieved the license and arranged its return in a secure, well-lit location to allay Plaintiff's safety concerns.

24. On April 15, 2025, the Fresno Municipal Court dismissed the citation for failure of the arresting officer to appear, thereby nullifying the alleged infractions.

25. Plaintiff believes these incidents are retaliation for his activism and reflect racial profiling, causing him physical injury, mental anguish, and emotional distress.

26. In addition to the foregoing the Plaintiff has suffered the following as a result of the actions of the Defendants:

**Isolation from Family and Friends:**

27. Since engaging in his activism, Plaintiff has experienced a deliberate and systematic effort by Defendants to isolate him from his family and friends. This isolation has exacerbated Plaintiff's emotional distress and hindered his ability to maintain personal relationships.

**Obstruction of Maintenance Services:**

28. Defendants have interfered with Plaintiff's ability to obtain essential maintenance services for his home and vehicle. This interference appears calculated to punish Plaintiff for his activism and further disrupt his daily life.

**Interference with Legal Advice:**

29. Defendants have obstructed Plaintiff's access to legal counsel making it difficult for him to secure consistent and effective legal representation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violation of Fourth Amendment – Unlawful Arrest and Search (42 U.S.C. § 1983)**

(Against Officer Daniel Ruby, Officer Daniel Saldana, and Does 1-10)

30. Plaintiff incorporates paragraphs 1-25.

31. On January 23, 2023, Officer Ruby lacked probable cause or reasonable suspicion to detain or arrest Plaintiff, who was parked and not committing a crime.

32. On August 1, 2024, Officer Saldana lacked probable cause to detain Plaintiff and search his vehicle for a minor traffic violation.

33. On August 1, 2024, as detailed in factual allegation section, Plaintiff's vehicle was tracked and force-stopped based solely on a minor window-tint violation and missing front plate —neither of which independently supplied probable cause for a forcible detention or any search. The helicopter surveillance, abrupt activation of emergency lights while Plaintiff was merging lanes lawfully, and the physical removal of Plaintiff from his vehicle converted what should have been a routine citation into a full custodial arrest without warrant or consent. Defendants then conducted a warrantless, non-consensual search of Plaintiff's vehicle, removing personal items and seizing his phone, without any exigent circumstances or plain-view justification. These actions constitute an unreasonable seizure and search in violation of the Fourth Amendment.

34. The officers' claim of a traffic stop was pretextual, and the subsequent search of Plaintiff's vehicle violated his Fourth Amendment rights against unreasonable searches and seizures.

35. Plaintiff suffered physical injury, emotional distress, and loss of property as a result.

## SECOND CAUSE OF ACTION

**Violation of Fourth Amendment – Excessive Force (42 U.S.C. § 1983)**

**(Against Officer Daniel Ruby, Officer Daniel Saldana, and Does 1-10)**

36. Plaintiff incorporates paragraphs 1-25.

37. On January 23, 2023, Officer Ruby used excessive force by handcuffing Plaintiff unnecessarily and failing to assist him during transport, causing Plaintiff to fall and sustain injuries to his head and shoulder.

38. **Deliberate Use of Excessive Force & Failure to Intervene:** Officer Saldana's twisting of Plaintiff's arm, forceful shove against the patrol car, and forcible cuffing were objectively unreasonable under the Fourth Amendment's "reasonableness" standard **(Graham v. Conner, 490 U.S. 386 (1989))**. Moreover, two backup officers arrived on scene, witnessed Saldana's actions, and participated in an illegal search, yet none intervened to stop or mitigate the excessive force. Their collective inaction demonstrates deliberate indifference and supervisory failure, further compounding the Fourth Amendment violation.

39. The Defendants' conduct violated Plaintiff's Fourth Amendment rights.

40. Plaintiff continues to suffer physical pain and emotional distress from these injuries.

## THIRD CAUSE OF ACTION

### Violation of First Amendment – Retaliation (42 U.S.C. § 1983)

(Against Officer Daniel Ruby, Sanger Police Department, Officer Daniel Saldana, Fresno Police Department, and John Zanoni, Fresno County Sheriff)

41. Plaintiff incorporates paragraphs 1-25.

42. **Protected Activity & Causation:** Plaintiff's repeated, high-profile protests at the Sanger PD, Fresno PD, Fresno County Sheriff's Office, and FBI Building are undisputed protected First Amendment activity. Defendants were aware of Plaintiff's activism prior to each traffic stop and search—evidenced by helicopter surveillance and repeated targeting at known protest locations. The August 1 stop was undertaken in direct retaliation for Plaintiff's constitutionally protected demonstrations, as shown by the pretextual nature of the

infractions and the level of force deployed. "But for" Plaintiff's activism, the stop, search, and seizure would not have occurred.

43. Plaintiff's protests against police brutality are protected speech under the First Amendment.

44. The January 23, 2023 arrest, March 31, 2024 stop, and August 1, 2024 stop were retaliatory acts by the Defendants to punish Plaintiff for his activism.

45. The Sanger Police Department, Fresno Police Department, and John Zanoni, Fresno County Sheriff, failed to train or supervise their officers, resulting in a pattern of retaliation against Plaintiff.

46. Additionally, Defendants' efforts to isolate Plaintiff from his family, friends, and legal advisors, as well as their interference with his access to essential services, constitute further retaliation intended to suppress his protected speech and activism.

47. Plaintiff suffered emotional distress and fear of further harassment.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against Officer Daniel Ruby, Officer Daniel Saldana, and Does 1-10)

48. Plaintiff incorporates paragraphs 1-25.

49. Officer Ruby's use of a racial slur, unlawful arrest, and excessive force on January 23, 2023, the March 31, 2024 stop, and Officer Saldana's excessive force and unlawful search on August 1, 2024, were outrageous acts intended to cause Plaintiff severe emotional distress.

50. **Outrageous Conduct & Severe Mental Distress:** Officer Saldana's aggressive banging on the window, twisting of Plaintiff's arm, and deletion of Plaintiff's recording were extreme and outrageous under California law, particularly given Plaintiff's visibly unarmed status. The backup officers' jocular banter during the intrusive search and the initial withholding of

Plaintiff's driver's license caused Plaintiff acute fear for his personal safety and dignity. As a result, Plaintiff has experienced severe anxiety, insomnia, and ongoing emotional distress.

51. Moreover, the deliberate isolation from Plaintiff's support network, obstruction of essential services, and interference with legal counsel constitute extreme and outrageous conduct, exacerbating Plaintiff's severe emotional distress.

## FIFTH CAUSE OF ACTION

**Violation of California Civil Code § 52.1 (Bane Act)**

**(Against Officer Daniel Ruby, Officer Daniel Saldana, and Does 1-10)**

52. Plaintiff incorporates paragraphs 1-25.

53. On January 23, 2023, March 31, 2024, and August 1, 2024, Officer Ruby and other officers interfered with Plaintiff's constitutional rights (Fourth Amendment and First Amendment) through threats, intimidation, and coercion, including unlawful arrest, excessive force, and retaliatory stops.

54. **Interference by Threat, Intimidation, and Coercion**: On August 1, 2024, Officers Saldana, Ruby, and Doe defendants used physical force, threats of arrest, and coercion—including seizure of Plaintiff's phone to suppress a recording—to interfere with Plaintiff's exercise of his constitutional rights. The helicopter surveillance, pretextual stop for minor vehicle infractions, and laughter during the warrantless search were all employed to discourage Plaintiff's continued protest activity. Such conduct constitutes actionable interference under the Bane Act, entitling Plaintiff to injunctive relief, statutory damages, and attorney's fees.

55. Plaintiff suffered physical injury, emotional distress, and loss of property.

## DEMAND FOR JURY TRIAL

56. Plaintiff demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

57. Plaintiff requests:

   i. A declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants' conduct violated Plaintiff's rights under the First and Fourth Amendments and California Civil Code § 52.1;

   ii. Compensatory damages for physical injuries, emotional distress, and property loss;

   iii. Punitive damages against Officer Daniel Ruby, Officer Daniel Saldana, and Does 1-10;

   iv. An order expunging or sealing from all records any reference to Plaintiff's August 1, 2024 stop, arrest, citation, or related proceedings;

   v. Attorneys' fees and costs under 42 U.S.C. § 1988 and California Civil Code § 52.1;

   vi. Injunctive relief to prevent further harassment by the Sanger Police Department, Fresno Police Department, and John Zanoni, Fresno County Sheriff;

   vii. An order directing the return of Plaintiff's safety baton or its monetary equivalent;

   viii. An order prohibiting Defendants from further interference with Plaintiff's familial relationships, access to legal counsel, or essential maintenance services.

   ix. Any other relief the Court deems just.

Dated: May 8, 2025

*/s/ James Jenkins*
James Jenkins
2734 Florence Ave Sanger, CA. 93657
559-649-1555
Shanajenk@aol.com
Plaintiff, *Pro Se*
